IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:18-cr-52-TBM-MTP

**NICHOLAS JARROD CLAYTON**

### ORDER

Nicholas Jarrod Clayton filed a Motion [44] for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Clayton asks the Court to grant him compassionate release because of the extreme hardship his incarceration places on his family and because he is non-violent. The Court finds that Clayton's Motion [44] should be denied, as his claims do not constitute "extraordinary and compelling reasons" justifying a reduction in sentence. *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). But even if they did, the factors set forth in 18 U.S.C. § 3553(a) weigh against a sentence reduction.

As discussed in more detail below, the Court has found no legal basis for the proposition that the placement of Clayton's daughter in foster care is an extraordinary and compelling reason for his release. Regardless, based on Clayton's criminal history and the nature and circumstances of the underlying charges in this case, Clayton has not proven that he could assume the responsibilities as his daughter's caretaker if released. Not only did Clayton engage in several drug transactions selling marijuana, ecstasy, Xanax, and methamphetamine—during which a young child was present—but he also sold six firearms during the same six-month period.

Additionally, Clayton provides no legal authority to support his contention that he is non-violent and should receive a reduction in sentence. Instead, he offers only conclusory assertions

which are insufficient to demonstrate an extraordinary and compelling reason warranting his release.

Finally, reducing Clayton's 68 month term of imprisonment would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). In making this determination, the Court considered a number of factors, including the nature and circumstances of his offense and his prior criminal history. The presentence investigation report indicates that Clayton has prior convictions for domestic violence, possession of marijuana, a DUI, and multiple traffic violations including no child restraint.

For all of the reasons discussed fully below, Clayton has not shown extraordinary and compelling reasons justifying a reduction in sentence but even if he did, the Section 3553(a) factors weigh against reducing Clayton's sentence. Clayton's Motion [44] is therefore denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Beginning in January 2018 and continuing through June 2018, Clayton engaged in multiple drug transactions selling a variety of drugs in various quantities. Specifically, Clayton sold multiple grams of marijuana, 28 units of ecstasy, Xanax, and one fourth of an ounce of methamphetamine. [39], ¶¶ 54, 59, 61, 66, 74. According to the presentence investigation report, which was unobjected to, a young child was also present during one of the drug transactions. [39], ¶ 54. The presentence investigation report further provides that Clayton sold six firearms during that same six-month period. [39], ¶¶ 54, 56, 61.

Ultimately, Clayton was named in a five-count indictment on December 12, 2018, and was charged with one count of distributing marijuana, three counts of selling firearms, and one count of possession of a firearm in furtherance of a drug trafficking crime. With assistance of counsel, Clayton entered into a plea agreement with the Government. Clayton agreed to plead guilty to

Count 1, distribution of marijuana, and Count 3, possession of a firearm in furtherance of a drug trafficking crime, in exchange for the Government moving to dismiss the remaining counts.

Clayton was sentenced by this Court on July 7, 2021. In calculating the advisory guideline range, the Court considered his offense level of 10 and his criminal history category of II, which includes Clayton's prior convictions of domestic violence, possession of marijuana, driving with a suspended license, and a DUI. [39], ¶¶ 99, 100. As outlined in the presentence investigation report, Clayton also has a history of traffic violations such as no child restraint. *Id.* at ¶ 103. Upon consideration of the Section 3553(a) factors, this Court sentenced Clayton to a guideline range of 68 months imprisonment for distribution of marijuana and possession of a firearm in furtherance of a drug trafficking crime.

Now before the Court is Clayton's Motion [44] for reduction in sentence. Clayton cites two reasons he is entitled to such relief: (1) his family has suffered hardship due to his incarceration and (2) he is non-violent. The Government opposes Clayton's Motion arguing that his claims do not justify a reduction in sentence or release.

## II. EXHAUSTION REQUIREMENT

Before the Court may consider Clayton's Motion, Clayton must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *United States v. Powell*, 834 F. App'x 940 (5th Cir. 2021). The Fifth Circuit has determined that while "the requirement is *not* jurisdictional," it is a "mandatory claim-processing rule." *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (emphasis in original) (citing *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) (overruled in part on other grounds)).

"A claim-processing rule is a rule that 'seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Pierre-Paul*, 930 F.3d at 692 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011)). "A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it." *Id*. (citing *Fort Bend Cty. v. Davis*, ---U.S. ----, 139 S. Ct. 1843, 1849, 204 L. Ed. 2d 116 (2019)). "But an objection based on a mandatory claim-processing rule may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Id*. Stated differently, exhaustion is mandatory if properly raised, but may be waived or forfeited by an opposing party. *Nutraceutical Corp. v. Lambert*, --- U.S. ----, 139 S. Ct. 710, 714, 203 L. Ed. 2d 43 (2019); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (finding that the government failed to invoke Section 3582(c)(1)(A)'s exhaustion requirement, and therefore forfeited its benefit because "[f]ailure to exhaust administrative remedies is an affirmative defense . . . not a jurisdictional issue that the courts must reach even if the litigants elect not to raise it.").

Here, the Government does not argue that Clayton has failed to exhaust his administrative remedies. Instead, the Government addresses his Motion on the merits. Accordingly, the Court finds that the Government has not properly raised any applicable exhaustion requirement. The Court will therefore proceed to the merits of Clayton's Motion. *United States v. Rodney*, No. CR 10-102, 2021 WL 1267795, at *1 (E.D. La. Apr. 6, 2021); *United States v. Morrison*, No. CR-16-36-MVL, 2022 WL 4365879, at *2 (E.D. La. Sep. 21, 2022); *See Franco*, 973 F.3d at 468 (explaining "because the government *properly raised* the rule in the district court, this 'court *must* enforce the rule.'") (emphasis added).

## III. ANALYSIS AND DISCUSSION

"As a general rule, federal courts 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). But that general rule is subject to a few exceptions, including a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act of 2018, such motions could only be presented to a court upon a request by the warden of the defendant's facility. But now a prisoner may move for reduction in sentence "on their own accord." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021).

Congress has dictated that a prisoner seeking a reduction in sentence must prove that (1) an "extraordinary and compelling reason" justifies the sentence reduction; (2) the relief sought is consistent with the Sentencing Commission's applicable policy statements; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of the requested relief. 18 U.S.C. § 3582(c)(1)(A). Before the First Step Act, the relief sought had to be consistent with the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13. However, the Sentencing Commission has not issued a policy statement since the First Step Act amended Section 3582 to allow prisoners, not just the BOP, to file motions for reduction in sentence. *Shkambi*, 993 F.3d at 392. Since no applicable policy statement currently exists for prisoner-filed motions, a prisoner who files a motion for reduction in sentence must show only that (1) an "extraordinary and compelling" reason for relief exists and (2) a sentence reduction would be consistent with the Section 3553(a) sentencing factors. *Id*. at 392-93. The Court will consider each in turn.

### A. Extraordinary and compelling reasons

To begin, Congress has not "defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction." *United States v. Shkambi*, 993 F.3d 388, 391

5

(5th Cir. 2021). And while the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13, is no longer binding on courts when a Section 3582(c)(1)(A) motion is filed by a prisoner himself, U.S.S.G. § 1B1.13 "may inform the district court's analysis" on the merits of a request for reduction in sentence. *Shkambi*, 993 F.3d at 393 (holding that a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)"); *United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022) (citing *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, --- U.S. ----, 141 S. Ct. 2688, 210 L. Ed. 2d 843 (2021)).

"The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). Here, Clayton cites family circumstances and "other reasons," such as his alleged non-violent status, as the basis for his Motion.

### i. Family circumstances

With the passage of the First Step Act, the Court is no longer bound by the Application Notes to Guidelines U.S.S.G. § 1B1.13. The criteria for granting a reduction in sentence on "family circumstances" grounds enumerated in Application Note 1(C), however, is informative and may nevertheless guide the Court's analysis. *Thompson*, 984 F.3d at 433. Under Note 1(C), a reduction in sentence is authorized only in two limited family circumstances: (i) "the death or incapacitation of the caregiver of the defendant's minor [children]" or (ii) "the incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for [that spouse]." U.S.S.G. § 1B1.13, App. Note 1(C). At issue here is the possible incapacitation of the caregiver of Clayton's daughter.

6

The Bureau of Prisons has defined "incapacitation" to mean that a caregiver has "[s]uffered a serious injury (e.g. auto accident), or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205g 10 (2019), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Clayton provides no argument or evidence of such incapacitation. Instead, Clayton asserts that his "daughter is in D.H.S. custody because her mom dropped her and her brother off on the side of the road." [43], pg. 2. Thus, the question before the Court is whether foster care placement is an extraordinary and compelling reason justifying Clayton's release.

Courts presented with this issue have opined that "it is unclear whether placement of a child in foster care could be considered an extraordinary and compelling reason [because] [t]he application notes reference 'death or incapacitation' of caregiver." *United States v. Montgomery*, No. CR 5:17-082-DCR, 2020 WL 6491653, at *2 (E.D. Ky. Nov. 4, 2020); *United States v. Blue*, No. 7:11-CR-135-D, 2021 WL 5500498, at *4 (E.D.N.C. Nov. 23, 2021) (explaining that the "family circumstances" policy statement does not apply to the placement of the prisoner's daughter into foster care); *United States v. Altiery*, No. 2:13-CR-00042-1-JRG, 2021 WL 5407671, at *6 (E.D. Tenn. Nov. 18, 2021) (finding that the possible placement of prisoner's daughter into foster care does not "constitute an extraordinary and compelling reason for his release."). Indeed, compassionate release can be appropriate in situations in which a "child is at risk of harm or will not be cared for" absent a sentence reduction. *Montgomery*, 2020 WL 6491653 at *2 (quoting *United States v. Ingram*, No. CR. 14-303(2), 2020 WL 3104643, at *3 (D. Minn. Jun. 11, 2020)). Here, Clayton has provided documentation that his daughter will be cared for—but by foster parents rather than her mother. [49].

7

Finally, even if the foster placement was an extraordinary and compelling circumstance, Clayton has not shown that he "is able to assume the responsibilities of a caretaker" once released. *United States v. Paul*, No. 3:18-cr-227, 2020 WL 5807343, at *2 (S.D. W. Va. Sep. 25, 2020). In fact, the record reflects a history suggesting otherwise. Not only has Clayton sold six firearms—one of which was reported stolen—multiple grams of marijuana, ecstasy, Xanax, and methamphetamine, but a young child was present during one of the drug transactions. [39], ¶¶ 54, 56, 59, 61, 66, 74. Clayton also has prior convictions for domestic violence, possession of marijuana, a DUI, as well as multiple traffic violations which include, among others, no child restraint. [39], ¶¶ 99, 100, 103. The record also reflects that the Forrest County Department of Child Protection Services filed a petition to terminate Clayton's parental rights in January 2023. [49].

Ultimately, Clayton has not provided, and the Court has not found, any "legal basis from which the Court can find that the placement of his daughter in foster care is an extraordinary and compelling reason for his release." *Altiery*, 2021 WL 5407671, at *6. Nor has Clayton demonstrated that he "is able to assume the responsibilities of a caretaker" if released. *Paul*, 2020 WL 5807343, at *2. Accordingly, the Court finds that Clayton fails to establish that his familial circumstances constitute an extraordinary and compelling reason for his release.[1]

### ii. Other reasons

The fourth "catch-all" category specifically states that the Director of the Bureau of Prisons shall determine whether "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A)

---

[1] While Clayton also asserts that his "grandmother is basically on her death bed" and that his "family is falling apart" since his incarceration, "§ 3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States v. Moran*, No. 2:18-cr-34-KS, 2023 WL 2531730, *3 (S.D. Miss. Mar. 15, 2023).

8

through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D). Even if courts—rather than the Bureau of Prisons—can properly invoke this catch-all provision, Clayton does not present sufficiently compelling "other reasons" for release. *See Thompson*, 984 F.3d 433 n.4 (recognizing circuit split "as to whether this catch-all provision delegates only to the Bureau of Prisons—and not the courts—the task of identifying 'other reasons' justifying early release" and declining to "weigh in."). Indeed, Clayton provides no legal authority to support his contention that he is non-violent and should receive a reduction in sentence. Instead, he merely asserts that although he had a gun while in possession of marijuana with the intent to distribute, "the guns were concealed when I sold them so I wasn't a threat to the informant I sold to." [43], pg. 1. In light of Clayton's extensive criminal history, including a domestic violence conviction and subsequent domestic violence arrest, and the seriousness of his criminal behavior in this case, Clayton cannot meet his burden.

While not specifically identified as a ground for relief, out of an abundance of caution, the Court will address the portion of Clayton's Motion that gives rise to a rehabilitation argument. In his Motion, Clayton also asserts, "I have learned from my mistakes. I have several certificates that will help me when I get home so I won't go back to doing illegal activities. I guarantee you I will not be coming back to prison." [43], pg. 2. Clayton's contrition is "a noteworthy accomplishment, but it does not diminish the need for just, temporal punishment for the grave crime committed." *Moran*, 2023 WL 2531730, at *4. Indeed, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13, Policy Statement, cmt. n.3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Accordingly, the Court finds that Clayton has failed to demonstrate that there are "extraordinary and compelling reasons" meriting a reduction in sentence.

## B. Appropriate in light of § 3553(a)

Even if Clayton had established extraordinary and compelling reasons, the Court may still deny a reduction in sentence or compassionate release where the § 3553(a) factors weigh against such relief. *See United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). In reviewing 18 U.S.C. § 3553(a), the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *United States v. Rollins*, 53 F.4th 353, 356 (5th Cir. 2022) (citing to presentence investigation report). The Court must also consider the kind of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines issued by the Sentencing Commission; and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(3), (4), (6). The Court must further consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, deter other criminals, and protect the public. 18 U.S.C. § 3553(a)(2)(A)-(C).

The nature and circumstances of Clayton's offense of conviction entails his possession and sale of firearms in relation to a drug trafficking crime, specifically the distribution of marijuana. According to the presentence investigation report, in six months, Clayton sold six firearms, multiple grams of marijuana, 28 units of ecstasy, Xanax, and one fourth of an ounce of methamphetamine. [39], ¶¶ 54, 56, 59, 61, 66, 74. And it is undisputed that a young child was present during one of the drug transactions. [39], ¶ 54.

As for the history and characteristics of the defendant, the presentence investigation report provides such details. Specifically, Clayton has prior convictions for domestic violence, possession

10

of marijuana, and a DUI, resulting in a criminal history category of II. His history also includes an arrest for a separate instance of domestic violence and various traffic violations such as no child restraint. [39], ¶¶ 102, 103.

On December 12, 2018, Clayton was indicted for one count of distributing marijuana, three counts of selling firearms, and one count of possession of a firearm in furtherance of a drug trafficking crime. He pleaded guilty to Count 1, distribution of marijuana, and Count 3, possession of a firearm in furtherance of a drug trafficking crime, and was sentenced on July 7, 2021. At the time of sentencing, Clayton had a total offense level of 10 and a criminal history category of II. The total guideline imprisonment range was 8 to 14 months for Count 1 and a mandatory minimum of 60 months for Count 3. While the Government recommended a sentence of 11 months for Count 1, the Court determined 8 months to be sufficient and not greater than necessary to comply with the purposes of sentencing. Accordingly, Clayton was sentenced within the guideline range to a total term of imprisonment of 68 months. At sentencing, this Court determined that a term of 68 months imprisonment reflects the seriousness of the crime, promotes respect for the law, and provides just punishment for the offense. Indeed, the sentence imposed avoids unwarranted sentencing disparities among similarly situated defendants. Given the nature of the offense, this Court also concluded that the sentence imposed would deter criminal conduct, protect the public from future crimes committed by Clayton, and would promote rehabilitation. Today, this Court makes the same determination.

As of the date of this opinion, Clayton has served only two years of a 68 month sentence. The Court finds that requiring Clayton to serve the remainder of his sentence is necessary to reflect the seriousness of the offense and to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Based

on the nature and circumstances of the offenses of conviction, Clayton's history and characteristics, the Court finds that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Nicholas Jarrod Clayton's Motion [44] for reduction in sentence is DENIED.

This, the 2nd day of August, 2023.

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**